# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1390-16T2

C.G.,

      Plaintiff-Respondent,

  v.

A.K.,

      Defendant-Appellant.

_____

Submitted June 5, 2018 — Decided June 19, 2018

Before Judges Fisher and Natali.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-2276-16.

A.K., appellant pro se.

Snyder Sarno D'Aniello Maceri & Da Costa LLC, attorneys for respondent (Angelo Sarno, of counsel and on the brief; Lydia S. LaTona, on the brief).

PER CURIAM

The parties' brief marriage produced one child, Sylvia,[1] who was born in July 2015. In this appeal, defendant A.K. (Adam) argues the trial judge erred in entering a final restraining order (FRO) in favor of his former wife, plaintiff C.G. (Carol), pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. We find no merit in Adam's arguments and affirm.

The evidence adduced at a seven-day trial centered on Adam's communications with Carol's attorney near the conclusion of a contested custody case (the FD case).[2] Specifically, after the close of the record but before the judge rendered a decision in the FD case, Adam sent Carol's attorney a flash drive with a note that the flash drive included "nude photos of [Carol]." The device's files could not be accessed. Approximately a month later, Adam emailed Carol's attorney to advise he possessed intimate "recordings" of Carol and him. A few days later, he sent the attorney a similar message threatening dissemination of information or recordings he possessed: "[i]f she continues to lie, I will continue to expose audio to the judge." Feeling threatened and harassed by these communications, Carol filed this action and secured a temporary restraining order.

---

[1] This and the other names assigned to the parties are fictitious.

[2] A final order entered in the FD case is the subject of another appeal, which we also decide today.

As mentioned, the trial lasted seven days, an extraordinary length of time for a domestic-violence action. The trial canvassed not only the communications to which we have alluded but also those that were transmitted to Carol's Rabbi, her family members, and others. At the trial's conclusion, the judge rendered extensive findings of fact; he found, having viewed the witnesses as they testified, that Carol was believable and Adam wasn't. The judge concluded that Adam harassed Carol within the meaning of N.J.S.A. 2C:33-4, and engaged in criminal coercion as defined by N.J.S.A. 2C:13-5.

As we have noted, the communications that inspired this domestic-violence action were made by Adam to Carol's attorney, not by Adam directly to Carol. That, however, is no impediment to a finding of harassment because the law presupposes that in many instances a communicator should know that a message to an attorney will be passed along to the client. See McGowan v. O'Rourke, 391 N.J. Super. 502, 506 (App. Div. 2007). Applying this principle, the judge rejected Adam's contention that he assumed his communications with Carol's attorney would not be shared with Carol. The judge found this contention "defies logic" and the only reasonable assumption was that Adam knew or should have understood that his statements and communications — made during the course of the FD litigation — would be transmitted by the attorney to

Carol. The judge concluded that Adam's communications — made after the record was closed in the FD case but before a decision was rendered[3] — served no purpose but to harass Carol and coerce her into giving into his demands in the FD case. The judge also recognized that Adam's many abusive communications were part of a pattern and were intended to annoy and alarm. And the judge found that Adam engaged in criminal coercion "by attempting to disclose private information, nude photos, and/or recordings if plaintiff did not succumb to [Adam's] desire to [gain] unsupervised [visits] with [their] child." The FRO contained restraints typically imposed; it also prohibited Adam "from posting information about [Carol] on any social, public and [r]eligious forums."

Two months later, Carol moved for enforcement of the internet ban because Adam created a "gofundme" page entitled "[Sylvia] needs a Father." The judge found this website and its content violated the FRO; he granted Carol's motion and amended the FRO to expressly prohibit Adam "from directly and/or indirectly referencing [Carol] and their mutual child on any electronic platform or forum, which includes[,] but is not limited to, posting

---

[3] The stage at which these communications were made also supports the rejection of Adam's frivolous contention that he was merely providing discovery in the FD case. The time for discovery or for the submission of evidence to the trier of fact had by that time already ended.

written texts, documents, pictures of [Carol] and their mutual child."[4]

Adam's subsequent reconsideration motion was denied. That ruling was followed by this appeal, in which Adam argues:

> I. THE TRIAL COURT PLAINLY ERRED AND/OR ABUSED ITS DISCRETION BY FINDING THE PREDICATE ACT TO BE AN ACT OF DOMESTIC VIOLENCE.
>
>> A. The Court Failed To Find The Defendant[']s Communications Were For Litigation Purposes Only And Not For The Purpose To Harass Or Criminally Coerce.
>>
>> B. The Trial Court Plainly Erred And/Or Abused Discretion In Finding Defendant Was Using Plaintiff[']s Attorney As A Suitable Agent To Harass Plaintiff.
>
> II. THE TRIAL COURT DEMONSTRATED CLEAR BIAS AND/OR THE APPEARANCE OF BIAS AGAINST THE DEFENDANT DEPRIVING HIM OF OPPORTUNITY TO BE HEARD, FAIR TRIAL, AND CORRECT DECISION.
>
>> A. The Trial Court Abused Its Discretion By Failing To Allow Defendant To Mark For Identification, Pursue Submission Into Evidence, Evidence Directly Related To The Predicate Act.
>>
>> B. The Trial Court Clearly Erred And/Or Abused Its Discretion By Accepting Facts Against The Weight Of Credible Evidence As Well As Denying Facts Against The Weight Of Credible Evidence.

---

[4] The FRO awarded Carol $31,629.08 in counsel fees. The later order awarded her an additional $6845 in fees.

C. The Trial Court Clearly Erred And/Or Abused Its Discretion By Assuming Discovery Must Be Ordered For The Defendant's Communications To Be For The Purpose Of Litigation.

III. THE TRIAL COURT PLAINLY ERRED IN FAILING TO CONSIDER DEFENDANT'S DEFENSE OF PRO SE LITIGANT LITIGATION PRIVILEGE IN REPRESENTING HIMSELF WITH REFERENCE TO COMMUNICATION BETWEEN HIMSELF AND PLAINTIFF'S ATTORNEY, WHICH FORMED THE BASIS OF DOMESTIC VIOLENCE FINDING.

IV. THE TRIAL COURT ERRED AND/OR ABUSED DISCRETION BY FINDING THAT SEXUALLY EXPLICIT RECORDINGS OR PHOTOS WERE IN THE POSSESSION OF THE DEFENDANT, OR WERE SENT, AS IT WAS AGAINST THE WEIGHT OF CREDIBLE EVIDENCE.

V. THE [ORDER THAT AMENDED THE FRO] IS OVERLY BROAD AND VAGUE IN ITS RESTRICTION OF THE DEFENDANT FROM DIRECTLY OR INDIRECTLY REFERENCING THE PLAINTIFF AND THEIR SHARED DAUGHTER ON ANY ELECTRONIC PLATFORM IN TEXT, DOCUMENTS, OR PICTURES.

VI. THE TRIAL COURT PLAINLY ERRED AND/OR ABUSED DISCRETION IN VIOLATING THE DEFENDANT['']S 1ST AM[]ENDMENT RIGHTS BY RESTRICTING HIM IN AN OVERLY BROAD ORDER FROM SPEAKING ABOUT HIS OWN DAUGHTER ON ANY ELECTRONIC FORMAT.

VII. THE TRIAL COURT PLAINLY ERRED AND/OR ABUSED DISCRETION IN MODIFYING THE FRO WITHOUT JURISDICTION ON MARCH 1, 2017[,] AS THE NOTICE OF APPEAL FOR THE FRO HAD ALREADY BEEN FILED ON DECEMBER 8, 2016.

VIII. THE TRIAL COURT PLAINLY ERRED AND/OR ABUSED DISCRETION IN GRANTING RELIEF PROCEDURALLY DEFICIENT UNDER RULE 1:6 AS THE PLAINTIFF NEVER REQUESTED SUCH RELIEF IN THE ORIGINAL ORDER TO SHOW CAUSE.

A-1390-16T2

IX. [N.J.S.A.] 2C:25-29[(b)] IS ITSELF OVERLY BROAD AND ALLOW[S] THE TRIAL COURT TO GRANT ANY RELIEF WITHOUT PRIOR NOTICE TO THE DEFENDANT, A VIOLATION OF THE 14TH AMENDMENT REGARDING PROCEDURAL DUE PROCESS.

We find insufficient merit in these arguments to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and we affirm the FRO, the later amending order, and the order denying reconsideration, substantially for the reasons provided by Judge Peter J. Melchionne in his thorough and well-reasoned oral decisions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1390-16T2